UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FAIR MAPS NEVADA, *et al.*,

                Plaintiffs,

    v.

BARBARA CEGAVSKE, in her official capacity as Nevada Secretary of State, *et al.*,

                Defendants.

Case No. 3:20-cv-00271-MMD-WGC

ORDER

## I.    SUMMARY

The Court issues this order during the pandemic caused by the novel coronavirus SARS-CoV-2 that emerged at the end of 2019 ("COVID-19"). Plaintiffs seek a mandatory injunction to compel Defendants[1] to modify certain statutory requirements governing Plaintiffs' submission of a ballot initiative to give them more time to submit the required signatures and to modify the form and manner of signatures collected due to COVID-19 and responsive stay-at-home orders. (ECF No. 1.) Proposed Intervenor-Defendants ("Proposed Intervenors")[2] seek intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or alternatively permissive intervention under Rule 24(b). (ECF No. 15.) Plaintiffs oppose intervention. (ECF No. 32.) For the reasons discussed herein, the Court will grant the motion to intervene ("Motion").

///

---

[1]Defendants consist of the Secretary of State ("Secretary"), and election officials for each county in Nevada in their official capacity. (ECF No. 1 at 1.)

[2]Proposed Intervenors are Rev. Leonard Jackson and Nevada Resort Association PAC. (ECF No. 15 at 1.)

## II.    BACKGROUND

The following facts are adapted from the Complaint and the exhibits attached thereto.

Plaintiff Fair Maps Nevada,[3] a political action committee, has filed a petition for an initiative to be placed on the November 2020 ballot to amend the Nevada State Constitution—to set up an independent redistricting commission to draw Nevada's electoral maps ("the Initiative"). (ECF No. 1 at 2, 7.) Nevada's Constitution requires the Initiative be signed by a number of voters corresponding to a certain percentage of voters in the last general election, which means this year, Plaintiffs must collect 97,000 signatures. (*Id.* at 8.) The Nevada Legislature has adopted statutory provisions prescribing the deadline for submission of the Initiative, along with its signatures in support, and the manner of collecting those signatures. *See* generally NRS §§ 295.026-.061. In gist, Fair Maps must collect the 97,000 signatures total, from people in each Nevada county, by June 24, 2020—which is a deadline set by NRS § 295.056(3), and 15 days after the Nevada primary. (ECF No. 1 at 8.)

Fair Maps alleges that since it filed the Initiative petition in November 2019, Nevada has changed due to government-mandated restrictive measures taken in response to COVID-19. (*Id.* at 8-12.) These restrictive measures present serious challenges to collecting in-person signatures in the prescribed timeline traditionally followed to qualify the Initiative for the ballot. (*Id.* at 12.) For this reason, Fair Maps asked the Secretary to: (1) extend the deadline for submission of the Initiative for verification for at least six weeks; (2) allow them to circulate the Initiative via electronic means; and (3) collect signatures electronically. (*Id.* at 14.) The Secretary declined, contending that NRS § 295.056(3) does not let her extend the deadline, and that NRS § 295.0575(1) and (5) do not let her waive the in-person requirements. (*Id.*; *see also* ECF No. 1-26.)

---

[3]Individual Plaintiffs Dr. Sondra Cosgrove and Robert MacDonald are registered Nevada voters who support the Initiative while Plaintiff Douglas Goodman is a registered Nevada voter who intends to be a circulator of the Initiative. (ECF No. 1 at 3-4.)

1
2
3

Plaintiffs then initiated this action, seeking a preliminary injunction to compel Defendants to grant the relief Fair Maps requested of the Secretary. Plaintiffs assert claims under the United States Constitution as well as the Nevada Constitution.

4  **III.    DISCUSSION**

5
6

The Court agrees with Proposed Intervenors that intervention is warranted as a matter of right under Rule 24(a).

7
8
9
10
11
12

When evaluating motions to intervene as a matter *of right*, courts construe Rule 24 liberally in favor of potential intervenors, focusing on practical considerations rather than technical distinctions. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Nonetheless, an applicant for intervention bears the burden of showing that he/she is entitled to intervene. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

13
14
15
16
17

Rule 24(a) permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking to intervene as a matter of right must meet four requirements:

18
19
20
21

(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

22
23
24

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citations omitted). There is no dispute that the Motion is timely. Accordingly, the Court will address the three remaining factors.

25
26

**A.    Factors Two and Three: Significant Protectable Interest and Impairment of That Interest**

27
28

Generally, "[a]n applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship'

1    between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v.*

2    *United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d

3    405, 409 (9th Cir. 1998)). However, "[t]he 'interest' test is not a bright-line rule." *Alisal*, 370

4    F.3d at 919 (citations omitted).

5        Proposed Intervenors argue that Nevada's ballot initiative scheme relies in part on

6    private parties to help enforce statutory requirements to qualify a ballot initiative. (ECF No.

7    15 at 3 (first citing NRS § 295.061(1) (authorizing legal challenge to the single subject

8    initiative requirement, except as otherwise provided for in subsection 3), and then citing §

9    295.061(2) (authorizing legal action to challenge the "legal sufficiency of a petition for

10   initiative")).)[4] They thus insist that they have a significant interest in protecting the integrity

11   of the process—by ensuring that signatures are timely submitted for verification and that

12   signatures were not fraudulently obtained—and Plaintiffs' requested preliminary injunctive

13   relief will impair their interest. (*Id.* at 5-8.) They also argue that granting Plaintiffs relief as

14   to the extension of the submission deadline would impair their statutory right to challenge

15   the sufficiency of the Initiative. (*Id.* at 7.) Plaintiffs counter that Proposed Intervenors do

16   not have a statutory right to have such a challenge be resolved before issuance of the

17   ballot, and that Proposed Intervenors are motivated by an interest to frustrate Plaintiffs'

18   access to the ballot. (ECF No. 32 at 6-7.) While the latter may be true, Plaintiffs appear to

19   conflate the merits of their case with Proposed Intervenors' articulated interests that may

20   be impaired. That is their interest in ensuring the integrity of the ballot initiative process

21   which they claim would be impaired if the Secretary is compelled to accept electronic

22   signatures or waive the in-person requirements

23       In sum, the Court agrees with Proposed Intervenors that they have satisfied the

24   second and third requirements for intervention as of right.

25   ///

26

27   _____

28       [4]NRS § 295.061(3) provides that an amended description modified in compliance
     with a court order as a result of the legal challenge authorized in subsection (1) may not
     be challenged.

**B.     Factor Four: Adequacy of Representation**

Courts consider three factors when assessing whether a present party will adequately represent the interests of an applicant for intervention:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (2003). Moreover, "[t]he burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

Proposed Intervenors have properly demonstrated that their interests and that of Defendants' diverge. (ECF No. 15 at 9.) They cite for example the fact that election officials verify signatures by a statistical sampling method if a substantial number of signatures is submitted to a particular county, suggesting that that private parties who oppose initiatives like them would review every signature and otherwise review initiatives for other apparent errors that may be overlooked by Defendants. (*Id.*) Plaintiffs argue that Proposed Intervenors' assert similar arguments in their proposed opposition brief as Defendants' brief, which underscores the adequacy of Defendants' representation of Proposed Intervenors' interest. (ECF No 32 at 9-10.) However, Proposed Intervenors' brief presents a threshold standing argument that is not clearly raised in Defendants' brief. (ECF No. 15-3 at 4-6.)

The Court will therefore allow Proposed Intervenors to intervene as of right.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

5

It is therefore ordered that Proposed Intervenor-Defendants' motion to intervene (ECF No. 15) is granted.

DATED THIS 20th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE